IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JESSICA J. TAYLOR, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 3:22-CV-01369-SAL |
| EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, d/b/a MOHELA, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE
OF MISSOURI'S ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT**

COMES NOW Defendant Higher Education Loan Authority of the State of Missouri d/b/a MOHELA ("MOHELA"), and for its Answer and Affirmative Defenses to the First Amended Complaint ("Complaint" or "FAC") (Dkt. 26) of Plaintiff Jessica J. Taylor ("Plaintiff"), states as follows:

By adopting the headings set forth in Plaintiff's Complaint, MOHELA does not admit any of the allegations set forth therein.

## JURISDICTION

1.      MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and demands strict proof thereof.

2.      MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and demands strict proof thereof.

3.      MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and demands strict proof thereof.

4.      MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and demands strict proof thereof.

5.      MOHELA admits the allegations in Paragraph 5.  MOHELA further states that is is, and at all times material hereto was, a public instrumentality and a body politic and corporate of the State of Missouri.

6.      MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and demands strict proof thereof.

7.      The allegations in Paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, MOHELA denies the allegations in Paragraph 7 with respect to subject matter jurisdiction over MOHELA.  MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and demands strict proof thereof.

## **INTRODUCTION**

8.       MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and demands strict proof thereof.

9.      MOHELA admits only that it generally understands that credit reporting agencies collect information regarding consumers which can be used by third parties for a variety of reasons, including loan applications, credit applications or terms, and employment purposes.  MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and demands strict proof thereof.

10.     MOHELA admits only that a variety of entities choose to or are legally required to report information regarding consumers to the credit reporting agencies.  MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and demands strict proof thereof.

11.     MOHELA admits only that it employs hundreds of individuals which work to service student loans, including those that are owned by the United States Department of Education, and strive to provide excellent support to borrowers. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and demands strict proof thereof.

12.     MOHELA admits that the student loans at issue were not "made or advanced by the state of Missouri."  Answering further, MOHELA states that the student loans at issue were made by the United States Department of Education.

13.     MOHELA admits the allegations in Paragraph 13.

14.     MOHELA generally admits that the reporting of false information on a credit report can have a negative impact on a consumer's financial situation and/or personal life.  MOHELA denies that it reported any false information.  MOHELA is without information sufficient to form a belief as to whether the hypothetical reporting of false information can have "a disastrous effect on a consumer's financial, physical, and emotional wellbeing" and demands strict proof thereof.

15.     The allegations in Paragraph 15 contain only legal conclusions which do not require an answer.  To the extent a response is required, MOHELA states that the FCRA and its legislative history speak for itself.

16.     The allegations in Paragraph 16 contain only legal conclusions, which do not require an answer, and are directed at the credit reporting agencies.  To the extent a response is

required, MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and demands strict proof thereof.

17.     The allegations in Paragraph 17 contain only legal conclusions which do not require an answer.  To the extent a response is required, MOHELA states that the FCRA speaks for itself, but generally admits that it required to report accurate information and that it must investigate consumer disputes to confirm the accuracy of information it furnishes.   MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and demands strict proof thereof.

18.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and demands strict proof thereof.

19.     MOHELA admits only that false information could generally appear in a consumer's credit report in a variety of ways.  MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and demands strict proof thereof.

20.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and demands strict proof thereof.

21.     The allegations in Paragraph 21 contain only legal conclusions which do not require an answer.  To the extent a response is required, MOHELA states that the FCRA speaks for itself.

## FACTUAL ALLEGATIONS

22.     MOHELA admits only that loans in the name of "Jessica Taylor" under the William D. Ford Direct Loan Program ("Direct Loan Program" or "Direct Loans") were approved, funded, and are owned by the United States Department of Education ("Department") pursuant to a Master Promissory Note, that the loans disbursed in July 2018, and that the school listed is Rasmussen

College.  MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and demands strict proof thereof.

23.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and demands strict proof thereof.

24.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and demands strict proof thereof.

25.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and demands strict proof thereof.

26.    MOHELA admits that a loan in the name of "Jessica Taylor" under the Direct Loan Program was approved, funded, and is owned by the Department, that the loan was disbursed in January 2020, and that the school listed is Southern New Hampshire University.  MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and demands strict proof thereof.

27.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and demands strict proof thereof.

28.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and demands strict proof thereof.

29.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and demands strict proof thereof.

30.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and demands strict proof thereof.

31.    MOHELA admits the allegations in Paragraph 31 and admits that it has serviced the student loans at issue on behalf of the Department nearly since their inception, and during the pendency and after the rejection (or reversal) of Plaintiff's identity theft applications.

32.    MOHELA denies the allegations in Paragraph 32.

33.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and demands strict proof thereof.

34.    MOHELA admits only that it communicated with Plaintiff regarding her claim that she was a victim of identity theft and not responsible for the student loans at issue, including communications regarding Plaintiff's filing of a police report, which Plaintiff subsequently provided to MOHELA.  MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and demands strict proof thereof.

35.    MOHELA denies the allegations in Paragraph 35.

36.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and demands strict proof thereof.

37.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and demands strict proof thereof.

38.    MOHELA admits only that Plaintiff submitted multiple identity theft applications and submitted a police report several times.  MOHELA denies the remaining allegations in Paragraph 38.

39.    MOHELA admits only that it furnished certain accurate information to the credit reporting agencies regarding the loans at issue and that it worked with Plaintiff to address her claims of identity theft for review by the Department.  MOHELA denies the remaining allegations in Paragraph 39.

40.     MOHELA admits only that it continued to furnish accurate information to the credit reporting agencies regarding the loans at issue, including after the Department, not MOHELA, denied Plaintiff's application for a discharge based on identity theft.  MOHELA denies the remaining allegations in Paragraph 40.

41.     MOHELA admits only that it continued to furnish accurate information to the credit reporting agencies regarding the loans at issue, including after the Department, not MOHELA, denied Plaintiff's application for a discharge based on identity theft.  The remaining allegations in Paragraph 41 contain only legal conclusions which do not require an answer.  To the extent a response is required, MOHELA denies the remaining allegations in Paragraph 41.

42.     MOHELA denies the allegations in Paragraph 42.

43.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and demands strict proof thereof.

44.     MOHELA denies the allegation in Paragraph 44 that it furnished false information to the credit reporting agencies regarding Plaintiff.  MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and demands strict proof thereof.

45.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and demands strict proof thereof.

46.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and demands strict proof thereof.

47.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and demands strict proof thereof.

48.    MOHELA admits only that it received certain disputes from the credit reporting agencies.  MOHELA denies the remaining allegations in Paragraph 48.

49.    MOHELA admits that, in its capacity servicing student loans for the Department, it has been sued in more than one jurisdiction for alleged violations of the FCRA.  MOHELA denies all of the remaining allegations in Paragraph 49.

50.    MOHELA denies the allegation in Paragraph 50 that it furnished false information to the credit reporting agencies regarding Plaintiff.  MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and demands strict proof thereof.

51.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and demands strict proof thereof.

52.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 52.

53.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 53, including the allegations in sub-paragraphs (a) through (h).

54.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 54.

55.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 55.

56.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 56.

57.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 57.

58.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 58.

59.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 59.

## <u>FOR A FIRST CAUSE OF ACTION</u><br>AS TO DEFENDANTS MOHELA AND RELIANT<br>(Violation of FDCPA, 15 U.S.C. § 1692)

60.    MOHELA re-alleges and incorporates its answers to all paragraphs above as if fully set forth herein.

61.    The allegations in Paragraph 61 contain only legal conclusions which do not require an answer.  To the extent a response is required, and answering on behalf of itself only, MOHELA admits the allegations of Paragraph 61.

62.    The allegations in Paragraph 62 contain only legal conclusions which do not require an answer.  To the extent a response is required, and answering on behalf of itself only, MOHELA denies the allegations of Paragraph 62.

63.    The allegations in Paragraph 63 contain only legal conclusions which do not require an answer.  To the extent a response is required, and answering on behalf of itself only, MOHELA denies the allegations of Paragraph 63.

64.    The allegations in Paragraph 64 contain only legal conclusions which do not require an answer.  To the extent a response is required, and answering on behalf of itself only, MOHELA denies the allegations of Paragraph 64.

65.    The allegations in Paragraph 65 contain only legal conclusions which do not require an answer.  To the extent a response is required, and answering on behalf of itself only, MOHELA denies the allegations of Paragraph 65, including the allegations in sub-paragraphs (a) through (d).

66.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 66.

67.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 67.

<u>FOR A SECOND CAUSE OF ACTION</u>
<u>AS TO DEFENDANTS MOHELA AND RELIANT</u>
**(Violation of FCRA, 15 U.S.C. § 1681s-2(b), Failure to Conduct Proper Investigation)**

68.    MOHELA re-alleges and incorporates its answers to all paragraphs above as if fully set forth herein.

69.    The allegations in Paragraph 69 contain only legal conclusions which do not require an answer.  To the extent a response is required, and answering on behalf of itself only, MOHELA admits the allegations of Paragraph 69

70.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 70.

71.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 71.

72.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 72.

73.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 73.

74.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 74.

75.    MOHELA denies the allegations in Paragraph 75.

**FOR A THIRD CAUSE OF ACTION**
**AS TO DEFENDANTS EQUIFAX, EXPERIAN, AND TRANS UNION**
**(Negligent Noncompliance with FCRA)**

76.     MOHELA re-alleges and incorporates its answers to all paragraphs above as if fully set forth herein.

77.     The allegations in Paragraph 77 do not relate to MOHELA.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and demands strict proof thereof.

78.     The allegations in Paragraph 78 do not relate to MOHELA.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and demands strict proof thereof.

79.     The allegations in Paragraph 79 do not relate to MOHELA.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and demands strict proof thereof.

80.     The allegations in Paragraph 80 do not relate to MOHELA.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and demands strict proof thereof.

81.     The allegations in Paragraph 81 do not relate to MOHELA.  The allegations in Paragraph 81 contain only legal conclusions which do not require an answer.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and demands strict proof thereof.

82.     The allegations in Paragraph 82 do not relate to MOHELA.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and demands strict proof thereof.

83.    The allegations in Paragraph 83 do not relate to MOHELA.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and demands strict proof thereof.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO DEFENDANTS EQUIFAX, EXPERIAN, AND TRANS UNION**
**(Willful Noncompliance with FCRA)**

84.    MOHELA re-alleges and incorporates its answers to all paragraphs above as if fully set forth herein.

85.    The allegations in Paragraph 85 do not relate to MOHELA.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and demands strict proof thereof.

86.    The allegations in Paragraph 86 do not relate to MOHELA.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and demands strict proof thereof.

87.    The allegations in Paragraph 87 do not relate to MOHELA.  The allegations in Paragraph 87 contain only legal conclusions which do not require an answer.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and demands strict proof thereof.

88.    The allegations in Paragraph 88 do not relate to MOHELA.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and demands strict proof thereof.

89.    The allegations in Paragraph 89 do not relate to MOHELA.  To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and demands strict proof thereof.

## FOR A FIFTH CAUSE OF ACTION
## AS TO ALL DEFENDANTS
### (Violation of S.C. Consumer ID Theft Protection Act – Credit Reporting)

90.     MOHELA re-alleges and incorporates its answers to all paragraphs above as if fully set forth herein.

91.     The allegations in Paragraph 91 contain only legal conclusions which do not require an answer.  To the extent a response is required, MOHELA admits the allegations of Paragraph 91.

92.     The allegations in Paragraph 92 contain only legal conclusions which do not require an answer.  To the extent a response is required, MOHELA denies the allegations of Paragraph 92.

93.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 93, including the allegations in sub-paragraphs e, f, g, and h (including i through iv therein).

94.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 94.

95.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 95.

96.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 96.

97.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 97.

### PRAYER FOR RELIEF

FURTHER ANSWERING, MOHELA denies that Plaintiff is entitled to any relief from MOHELA as sought in the unnumbered *ad damnum* ("Wherefore") clause at the end of the First Amended Complaint.   MOHELA further denies that any relief should be awarded against

MOHELA pursuant to the allegations in the First Amended Complaint.

## JURY DEMAND

MOHELA admits that Plaintiff demands a jury trial, but denies that there are any triable issues.

## DEFENSES AND AFFIRMATIVE DEFENSES

While MOHELA denies the allegations pled in the First Amended Complaint ("Complaint" or "FAC") as stated above, MOHELA raises the following additional defenses. Inclusion of such defenses is not intended to shift the burdens of proof or persuasion imposed by law. Moreover, inclusion shall not be deemed an admission of liability, damages, or other essential elements of Plaintiff's claims, but rather as alternative or additional defenses that may bar or otherwise limit recovery.

## FIRST DEFENSE

The debts at issue in this case are federal student loans approved, funded, and owned by the United States Department of Education ("Department").

MOHELA states that it is a quasi-governmental entity of the State of Missouri and that it is involved in, among other things, the servicing of student loans for higher education. MOHELA further states that it is, and at all times material hereto was, a public instrumentality and a body politic and corporate of the State of Missouri, established pursuant to the Missouri Higher Education Loan Authority Act, Sections 173.350-173.445, RSMo. The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Though, by its terms, the Eleventh Amendment immunizes only 'States' against private actions brought by

- 14 -

citizens of other states, *see* U.S. Const. amend. XI, it is well established that suits against 'arms' of a state may nonetheless be barred by the Eleventh Amendment. *See, e.g., Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). This Court lacks subject matter jurisdiction over MOHELA because MOHELA is an arm of the State of Missouri. *See, e.g., Pub. Sch. Ret. Sys. of Missouri v. State St. Bank and Trust Co.*, 640 F.3d 821, 827 (8th Cir. 2011); *Franchise Tax Bd. Of Cal. v. Hyatt*, No. 17-1299 (U.S. May 13, 2019).

## SECOND DEFENSE

Plaintiff's claims fail because Plaintiff has not been damaged by any acts of MOHELA and, to the extent Plaintiff has damages, such damages may have been caused by Plaintiff's own actions or inactions.

## THIRD DEFENSE

Plaintiff's claims fail because Plaintiff has not been damaged by any acts of MOHELA and, to the extent Plaintiff has damages, such damages may have been caused by independent third parties or by an intervening and superseding cause, including but not limited to Plaintiff, Experian, Trans Union, Equifax, Reliant, the schools, the alleged imposter(s) or fraudster(s), the Department, or other individuals or entities as may be revealed in discovery, over whom MOHELA has no control and for whom MOHELA has no responsibility.

## FOURTH DEFENSE

Plaintiff's claims fail because Plaintiff has not been damaged by any acts of MOHELA and, to the extent Plaintiff has damages, Plaintiff failed to mitigate her damages.

## FIFTH DEFENSE

Plaintiff's FDCPA claim should be dismissed because MOHELA is not a "debt collector" relative to the student loans at issue. Under 15 U.S.C. § 1692a(6)(F)(iii), a person collecting a

debt is not a debt collector if the collection activity "concerns a debt which was not in default at the time it was obtained by such person." MOHELA received each of the student loans at issue for servicing soon after disbursement and, accordingly, these loans were not in default at the time MOHELA began servicing them. Numerous cases have held that a student loan servicer that begins servicing a student loan prior to default is not a debt collector under the FDCPA. *See Diaz v. First Marblehead Corp.*, 643 Fed. Appx. 916, 918-19 (11th Cir. 2016); *Brumberger v. Sallie Mae Servicing Corp.*, 84 Fed. Appx. 458, 459 (5th Cir. 2004); *Neal v. Am. Educ. Servs.*, 2019 WL 1746065, at *5-6 (E.D. Cal. 2019); *Spyer v. Navient Solutions, Inc.*, 2016 WL 1046789, at *3 (D. N.J. 2016); and *Skerry v. Massachusetts Higher Educ. Assistance Corp.*, 73 F. Supp. 2d 47, 54 (D. Mass. 1999).

## SIXTH DEFENSE

The FDCPA excludes MOHELA from liability because it was, at all pertinent times, acting in the capacity of a bona fide fiduciary to the Department. *See* 15 U.S.C. § 1692a(6)(F)(i). "The FDCPA defines a 'debt collector' as 'any person ... who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Murungi v. Texas Guaranteed*, 693 F. Supp. 2d 597, 608 (E.D. La.), *aff'd*, 402 F. App'x 849 (5th Cir. 2010) (quoting 15 U.S.C. § 1692a(6)); *see also Zarder v. Texas Guaranteed Student Loan Corp.*, No. 5:18-CV-1059-DAE, 2019 WL 2565272, at *2 (W.D. Tex. Mar. 4, 2019) (same). "A debt collector does not include, however, 'any person collecting or attempting to collect any debt ... to the extent such activity ... is incidental to a *bona fide* fiduciary obligation....'" *Murungi,* 693 F. Supp. 2d at 608 (quoting 15 U.S.C. § 1692a(6)(F)(i) (emphasis in original); *see also Zarder*, 2019 WL 2565272, at *2 (same).

MOHELA is not a "debt collector" subject to the FDCPA because its actions with respect

to Plaintiff were "incidental" to its "*bona fide* fiduciary obligation" to the United States government. *See Murungi*, 693 F. Supp. 2d at 608 (emphasis in original). MOHELA's fiduciary relationship to the Department is created by detailed federal regulations. *Id.* at 608-09.

## SEVENTH DEFENSE

To the extent the FDCPA applies to MOHELA (it does not), any alleged violations of the FDCPA were the product of a bona fide error. *See* 15 U.S.C. § 1692k(c). Specifically, any alleged FDCPA violation by MOHELA was unintentional and accidentally made despite the maintenance of procedures reasonably adapted to avoid any such error. Here, the record shows that MOHELA immediately responded to Plaintiff's disputes and sought the completion of the packet required to process an identity theft claim under federal regulations. MOHELA then proactively worked to try to assist Plaintiff through this process, as well as investigated Plaintiff's claims. Plaintiff's identity theft application was denied by the Department. MOHELA implements policies and procedures designed to work through the identity theft application process with borrowers like Plaintiff. To the extent there was any violation of the FDCPA by MOHELA (which MOHELA denies), the violation was the product of an error despite MOHELA's maintenance of policies designed to avoid such an error.

## EIGHTH DEFENSE

Plaintiff's Complaint is deficient and subject to dismissal for failure to join an indispensable party, the Department, which maintains an interest in this proceeding and whose absence subjects MOHELA to substantial risk of incurring inconsistent obligations.

## NINTH DEFENSE

Plaintiff's claims fail because Plaintiff has not been damaged by any acts of MOHELA and, to the extent Plaintiff has damages, such damages were caused by Plaintiff's own actions or

inactions. Specifically, the process for discharging a Direct Loan on the basis of identity theft is governed by the code of federal regulations, including 34 CFR § 685.215. In the case of Plaintiff's allegation of identity theft, the federal regulations require Plaintiff to certify that she did not sign the promissory note, certify that she did not receive or benefit from the proceeds of the loan, provide certain identifying information, including name, social security number, date of birth, copy of driver's license, and other information, like a signature exemplar. MOHELA worked diligently with Plaintiff to assist her in the completion of an identity theft packet in compliance with the federal regulations. But Plaintiff submitted insufficient information and delayed in completion of this process. Eventually, the Department denied Plaintiff's request for a discharge on the grounds of identity theft. To the extent Plaintiff alleges she suffered damages during this period of time between her notification to MOHELA of identity theft and the Department's ultimate denial of Plaintiff's identity theft application, Plaintiff was the proximate and/or intervening cause of those damages.

## TENTH DEFENSE

To the extent Plaintiff seeks to recover her attorney's fees from MOHELA as articulated in the Complaint's *ad damnum* clause, Plaintiff's claim fails because she has not alleged a violation of any federal or state statute as it pertains to MOHELA. While Plaintiff's Complaint is laden with legal conclusions, Plaintiff failed to plead facts plausibly supporting her allegations that the alleged violations, which are covered by the FCRA and which MOHELA deny exist, were either willful (15 U.S.C. § 1681n) or negligent (15 U.S.C. § 1681o). Similarly, Plaintiff failed to sufficiently plead a violation of the FDCPA or South Carolina statute.

## ELEVENTH DEFENSE

Plaintiff cannot meet the heightened standards required under 15 U.S.C. § 1681n in order

to recover punitive or statutory damages.

## **TWELFTH DEFENSE**

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

## **THIRTEENTH DEFENSE**

Plaintiff cannot prevail on her claims against MOHELA because MOHELA acted in good faith conformity with and in reliance upon all applicable laws, rules, and regulations, and was further privileged in its actions.

## **FOURTEENTH DEFENSE**

Plaintiff cannot prevail on her claims against MOHELA because it did not act with negligence, willful intent to injure, or in conscious disregard of the rights of Plaintiff.

## **FIFTEENTH DEFENSE**

MOHELA maintained reasonable procedures to ensure maximum possible accuracy in reporting to the credit reporting agencies, thereby precluding any liability.  MOHELA may not be held liable because any alleged violation of the law, which MOHELA denies occurred, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## **SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because MOHELA's reports concerning Plaintiff were true or substantially true at the time they were made.  Moreover, MOHELA has not willfully or maliciously published any untrue information with respect to Plaintiff's credit.

## **SEVENTEENTH DEFENSE**

MOHELA's alleged furnishing of information was both privileged and justified.

## EIGHTEENTH DEFENSE

MOHELA complied with the provisions of the FCRA, 15 U.S.C. § 1681, *et seq.*, in its handling of Plaintiff's credit. Furthermore, MOHELA acted in good faith in conformity with the applicable statutes, rules, regulations, and/or interpretations. Accordingly, MOHELA is entitled to each and every defense and limitation of liability provided by those statutes and regulations.

## NINETEENTH DEFENSE

Upon information and belief, Plaintiff's FDCPA claim against MOHELA is barred, in whole or in part, by the applicable one-year statute of limitations (15 U.S.C. § 1681k(d)). Most of the alleged collection activity at issue, to the extent the FDCPA applies to MOHELA (which MOHELA denies), occurred before March 28, 2021.

## TWENTIETH DEFENSE

Plaintiff's claims for exemplary or punitive damages and the FCRA damages model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the State of Missouri and the State of South Carolina. MOHELA further adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and *SAFECO Insurance Co. of America v. Burr*, 127 S.Ct. 2201 (2007).

## TWENTY-FIRST DEFENSE

In the event that a settlement is reached between Plaintiff and any other defendant, MOHELA is entitled to any settlement credits permitted by law.

**TWENTY-SECOND DEFENSE**

Upon information and belief and subject to further investigation, Plaintiff's FCRA claims against MOHELA are barred, in whole or in part, by the applicable two-year statute of limitations (15 U.S.C. § 1681p).

**TWENTY-THIRD DEFENSE**

Plaintiff's claim against MOHELA under the South Carolina Consumer ID Theft Protection Act fails as a matter of law because the provisions at issue apply to a "consumer reporting agency[,]" S.C. Code § 37-20-170, not a "furnisher[] of information" like MOHELA. *See Muntean v. Discover Fin. Servs.*, 2013 WL 2636003, at *3 n.3 (D.S.C. June 12, 2013) (finding that the proscriptions of Section 37-20-170 only mention CRAs and do no not regulate furnishers of information).

**TWENTY-FOURTH DEFENSE**

MOHELA incorporates the defenses raised by other defendants in response to Plaintiff's Complaint.

**TWENTY-FIFTH DEFENSE**

MOHELA states that its investigation of this matter is ongoing, and MOHELA hereby reserves the right to state additional affirmative defenses as applicable to the claims alleged herein.

This the 20th day of June, 2022.          Respectfully submitted,

/s/John B. Kelchner
John B. Kelchner, Fed. ID No.: 6987
TURNER, PADGET, GRAHAM & LANEY, P.A.
P.O. Box 1473
1901 Main Street, Suite 1700
Columbia, SC 29201
Telephone: 803-227-4234
Facsimile: 803-400-1522
Email: jkelchner@turnerpadget.com
*Attorney for Defendant Higher Education Loan*
*Authority of the State of Missouri d/b/a MOHELA*